IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**KIRKLAND LEANDER SMALLS,**
    **Plaintiff,**

vs.                                            Case No. 3:06cv96/LAC/MD

**LUIS BERRIOS, M.D., et al.,**
    **Defendants.**

## ORDER

**Defendants Berrios and Ferguson[1] have filed a motion to dismiss or, in the alternative, for summary judgment (doc. 37).** The court now concludes, pursuant to Rules 12(b) and 56, Federal Rules of Civil Procedure, that as of the date of this order, defendants' motion should be treated as a motion for summary judgment. The parties shall have ten days to submit any relevant evidence and argument in support or opposition to the motion.

In opposing a motion for summary judgment plaintiff is the nonmoving party, and as plaintiff he is the party with the burden of proof. Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The rule does not require the party seeking summary judgment to submit evidence *negating* the opposing party's claim, but instead to demonstrate ("*with or without supporting affidavits*") that the Rule 56(c)

---

[1]The identity of defendant "Rodney (Supervisor of RG Crew at Eglin Golf Course)" has now been ascertained: Rodney Ferguson.  *See* doc. 39.

standard is satisfied.  *Celotex Corporation v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

If plaintiff files a response to the motion, such response should include affidavits and any other documents or materials required by Fed.R.Civ.P. 56 and Local Rule 56.1(A).  Plaintiff is cautioned that he must dispute or contradict defendant's argument with evidence of a substantial nature as distinguished from legal conclusions.  Plaintiff cannot successfully defeat a motion for summary judgment with mere formal denials or general allegations that do not disclose the facts in detail and with precision, nor can he simply rely upon the pleadings.  A general denial unaccompanied by any evidentiary support will not suffice. *See e.g., Courson v. McMillian*, 939 F.2d 1479 (11th Cir. 1991); *Hutton v. Strickland*, 919 F.2d 1531 (11th Cir. 1991).

Evidentiary material which is acceptable in opposition to a motion for summary judgment includes sworn affidavits or other sworn documentary or other evidence indicating the existence of a genuine issue of material fact.  FED.R.CIV.P. 56(e).  Affidavits must be based on personal knowledge, setting forth such facts as would be admissible into evidence and affirmatively showing that the affiant is competent to testify to the matters stated therein.  FED.R.CIV.P. 56(e).  If plaintiff is unable to present, by affidavit or other evidence, facts essential to justify his opposition to defendants' motion, then plaintiff must file a sworn statement as to why he is unable to do so.

Materials submitted on a motion for summary judgment are viewed in the light most favorable to the party opposing the motion (plaintiff), but unreasonable and speculative inferences will not be drawn from the materials.  *Tyler v. Vickery*, 517 F.2d 1089 (5th Cir. 1975).  Evidence filed by defendant in support of the motion for summary judgment may be accepted as true by the court if plaintiff does not file contrary evidence in the form of sworn affidavits or other materials in compliance with Rule 56.  *Brown v. Shinbaum*, 828 F.2d 707 (11th Cir. 1987).

**Plaintiff is cautioned that only those pleadings and evidentiary materials currently in the record or filed in accordance with this order will be considered by the court in ruling on such a motion.  A motion for summary judgment will result in a final judgment without a full trial or any further proceeding, if the pleadings, sworn affidavits, and other appropriate evidentiary materials properly filed in the record show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  *Celotex Corporation v. Catrett, supra*; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).**

**Accordingly, it is ORDERED:**

**1.  The clerk shall change the docket to reflect the identity of defendant "Rodney (Supervisor of RG Crew at Eglin Golf Course)" as "Rodney Ferguson."**

**2. On April 5, 2007 (the "submission date"), the motion for summary judgment will be deemed submitted on the motion, the pleadings, and the evidentiary materials filed in this case.  On or at any time after this submission date, the court shall consider the motion for summary judgment and may resolve the motion and this case without an evidentiary hearing.[2]**

**3.  On or before the submission date, the plaintiff may, but is not required to, file a response to the motion for summary judgment.  The plaintiff should be careful to insure that the response, if any, complies with the provisions of Rule 56(e) of the Federal Rules of Civil Procedure.  Failure to follow the requirements of Rule 56 in opposing a motion for summary judgment may result in the motion being granted and final judgment being entered in favor of the moving party without there being an evidentiary hearing or trial.**

**4.  On or before the submission date, the defendants may submit additional Rule 56 materials.[3]**

---

   **1This submission is without oral argument.  If the court determines that oral argument on the motion is required, a date for the argument will be scheduled later.**

   **2The defendants shall not resubmit any materials (affidavits, documents, or arguments) previously filed as part of the special report.**

*Case No: 3:01cv326*

**5. Any documents or evidence filed after the submission date will not be considered by the court barring exceptional circumstances.**

**DONE AND ORDERED this 22nd day of March, 2007.**

/s/ *Miles Davis*

**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:01cv326*